UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KELLY CREWS, *et al.*,<br><br>  Defendants. | Case No. 2:13-CR-087-APG-CWH<br><br>**ORDER DENYING SENTENCE REDUCTION**<br><br>(Dkt. #55) |

Defendant Kelly Crews seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. #55.) On March 3, 2014, I sentenced Crews to 36 months of incarceration. Subsequently, the United States Sentencing Commission adopted a two-level reduction in the Sentencing Guidelines' drug offense levels. Crews seeks a reduction of her sentence consistent with that Guideline reduction.

Crews' 36 month sentence was the result of a downward variance from the Guidelines. With a two-level reduction to her offense level (from 23 to 21), the Guideline range becomes 37-46 months' imprisonment. Because her 36-month sentence is below the low end of the amended range, Crews is ineligible for a reduction. *See* U.S.S.G. 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range"). *See also United States v. Tercero*, 734 F.3d 979 (9th Cir. 2013) (holding that "U.S.S.G. § 1B1.10(b)(2)(A) prohibits reductions below the low end of the adjusted Guidelines range"). *United States v. Davis*, 739 F.3d 1222, 1223-1224 (9th Cir. 2014) (same).

IT IS THEREFORE ORDERED that Crews' motion for a reduction of her sentence is DENIED.

DATED this 28th day of April, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE